UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE HAND PROMOTIONS, INC,

    Plaintiff,

v.                                    Case No. 8:23-cv-02311-VMC-NHA

RALPH A. WILLIAMS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

I recommend Defendant Diane Williams's filing, which the Court construes as a motion to set aside the Clerk's default against her (Doc. 49), be denied.

On March 20, 2024, the District Judge ordered the Clerk to strike the answer filed by Ms. Williams and co-Defendant Ralph Williams as a sanction for their failure to comply with Court orders and engage in discussions regarding a case management report. Doc. 37. Neither Defendant refiled an answer to the complaint. Plaintiff Joe Hand Promotions, Inc., then moved for entry of clerk's default. Doc. 40.

I held at hearing on Plaintiff's motion on April 24, 2024. Doc. 43. At the hearing, I explained that, because the Defendants' answer was stricken, and they did not file another, the entry of Clerk's default against them was appropriate,[1] and I granted Plaintiff's motion for Clerk's default. *Id.*; Doc. 45. But, I invited the Defendants to orally move to set aside the Clerk's default and show good cause to do so. Doc. 43. Mr. Williams made such a motion and appeared eager to comply with Court orders and defend the case on the merits. Ms. Williams made no such much motion and did not express the same eagerness to participate in the litigation or to abide the Court's directives, either in the hearing or outside of it. *Id.*; Doc. 45.

More than a week later, Ms. Williams filed an "Affidavit . . . on the merits of affirmative relief defense in opposition to plaintiff insufficient service of process of void virtual clerk's default order served without summons and complaint and motion to set aside pursuant to Fed. R. Civ. P.

---

[1] Courts routinely enter Clerk's defaults against defendants whose conduct is sanctioned by the striking of their answers. *See, e.g.*, *Breaking Glass Pictures, LLC v. Devora*, No. 2:13-cv-331-FTM-38DNF, 2015 WL 12839171, at *1 (M.D. Fla. Jan. 14, 2015); *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008); *Farr v. Manageinn, Inc.*, No. 6:07-cv-829-ORL-28KRS, 2008 WL 227961, at *1 (M.D. Fla. Jan. 25, 2008).

2

60(b)(4)." Doc. 49. The Court construes this filing as a motion to set aside the clerk's default entered against Ms. Williams.

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of Clerk's default "for good cause." FED. R. CIV. P. 55(c). In determining whether good cause is shown, courts generally evaluate (1) whether the default is culpable or willful; (2) whether setting aside default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana Export– Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). These factors are not exclusive. *Id.* Nonetheless, "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* at 951–52 (citation omitted).

Here, I find Ms. Williams has not shown good cause to set aside the Clerk's default. Ms. Williams's default was willful; she repeatedly refused to engage opposing counsel, to abide the District Court's orders, and to participate in a case management conference. She never refiled an answer after the Court struck her first one. And, even thereafter, Ms. Williams declined the Court's invitation at the April 24, 2024 hearing to show good

3

cause and move to set aside the Clerk's default. Doc. 43. Nor does her recent filing provide good cause for setting aside the Clerk's default.

Rather than answering the Complaint or engaging in case management duties, she continues to assert, incorrectly, that this litigation is improper because an appeal is pending. Doc. 49; *see also Joe Hand Promotions, Inc. v. Diane Williams, et al*, No. 24-10090-C (11th Cir. 2024), Doc. 5-1 (Order from Eleventh Circuit dismissing the first appeal because the order denying the motion to dismiss that the Williamses appealed was not "a final order disposing of the case on the merits"); *Joe Hand Promotions, Inc. v. Diane Williams, et al*, No. 24-10475-C (11th Cir. 2024), Doc. 5 (Order from Eleventh Circuit dismissing the second appeal "because the appellants Diane Williams and Ralph A. Williams failed to comply with the rules on Certificates of Interested Persons and Corporate Disclosure Statements and file a Transcript Order Form within the time fixed by the rules.").

Ms. Williams has been offered multiple opportunities to properly defend this case in accordance with the local and federal rules and the District Court's orders. She has not done so. For these reasons, I recommend

Ms. Williams's motion to set aside the Clerk's default against her (Doc. 49) be DENIED.

SUBMITTED for the District Court's consideration on May 17, 2024.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.